Good morning. May it please the Court. I'm John Paul Richmond, Assistant Federal Public Defender, representing Kenneth Smith, the defendant appellant in this case. I will discuss the waiver issue and then proceed to the relevance of state law to the Fourth Amendment violation in this case. In the district court below, the government never asserted in writing or verbally, to my knowledge, that there was probable cause to arrest Mr. Smith based on a failure to display registration tags in violation of 4000A. Their waiver of the issue is much more explicit than simply the failure to mention it as well. They state repeatedly in their papers that this arrest was based on a violation of section 12-500 of the California Vehicle Code. When the defense wrote in its reply that the government is relying on one and only one exception to the warrant requirement, and that is a search incident to a lawful arrest for a violation of section 12-500, the government did not object to that characterization. It was very explicit that the government was proceeding this way, and it was somewhat atypical. Typically, in these cases, the government argues numerous theories in the alternative to defend the search. In this case, they chose for strategic reasons to assert only one basis. The reason they did that, I believe, from their papers is that they wanted desperately to avoid an evidentiary hearing or narrow an evidentiary hearing in this case. Counsel, would you concede that the expired registration status would have been a sufficient reason to arrest? I don't think that the record is sufficiently developed to say that. There are certainly circumstances where probable cause exists for the failure to display tags. But as the record stood prior to the evidentiary hearing, there was very little mention of the tags. Well, didn't the officer testify that that was the reason that he originally pulled Mr. Smith over? He did testify to that. And we had no quarrel with that providing reasonable suspicion for the stop. However, at the hearing, because the issues were explicitly narrowed in the papers and verbally by both the parties and the Court prior to the evidentiary hearing or at the commencement of the evidentiary hearing, that issue wasn't explored. That issue was not litigated at all by the parties. As the government notes in its brief to this Court, the relevance of Section 4000A was not addressed by the parties below, nor did it figure into the Court's order below. The evidentiary hearing in this case is incomplete. The evidentiary record, rather, is incomplete precisely because the government made it known that that was not to be an issue. Neither was the issue of marijuana something that was litigated in the evidentiary hearing below. It wasn't even investigated. After the defense stated explicitly to the government and to the Court that it understood that this single ground was being advanced, the other grounds were essentially out of the litigation. They were touched on lightly, but not in the way that they would have been touched on if they were an issue. But it seems to me that where that gets you is into the morass of if both sides had been aware of the State statute regarding failure to produce identification at the time, then the government would have advanced what I've heard you concede was a legitimate reason for the arrest or for the detention of Mr. Smith in the first place. It's – it would be very difficult to speculate on what the government would have done. The reasons are, first, that the government committed itself quite specifically and pointedly to this one basis and even did so factually. And so – And that one basis, say again, was? Was a search incident to a lawful arrest for driving without a license. They committed themselves to that with such force that it's – it's not clear at all that they would have been able to go before Judge Armstrong and say, by the way, that's not the case, that the – the statement of the officer, which essentially admitted to an unlawful arrest, was – was not true, that it – that it left things out. There may have also been serious tactical reasons. Where in the record is it that the officer's statement admits that it was an improper arrest? He – he doesn't admit that it's an improper arrest. What he does is he admits the factual basis for an illegal arrest under Section 12801.5. He states that he – he conducted a custodial arrest on a person for driving without a license. And that itself is an improper – is an improper arrest. He was probably unaware of the code section as well, but – but – but it's so speculative to say that the government would have been able to go back before Judge Armstrong and correct that error, or that they would have had the motivation to do so. For example, the government was aware of the possible applicability of Atwater to this case. They could very well have decided to stand on that issue and – and take it up on that basis. It's – it's highly speculative to suggest that the government would have simply corrected that and asserted that basis. It's also important for the court to recognize, because this might not be clear from my papers, the government committed itself to this basis very early on in its first response of pleading, before the California Vehicle Code procedures were ever discussed. So it's not as if the failure of the court or of the defense to – to raise Section 12801.5 lulled the government into failing to raise its defense of the search. So I think that that's an important point to recognize. Your position would be that even though there was a valid probable cause to arrest Mr. Smith, the fact that the government chose improperly to pursue another theory somehow nullifies the original probable cause for the arrest? Well, I – I think that the – the record should be divided into two phases in the first – in the first place, because the evidentiary hearing is not a complete evidentiary hearing. It is one in which the parties understood that probable cause based on registration was not being litigated. So I – I don't think it's possible to concede at this point that there was – that there was in the record probable cause for registration prior to the evidentiary hearing. But certainly, I – I believe that – that the government may waive bases, factual and legal bases, in defense of a search and thereby have the exclusionary rule resolved. The search is unreasonable until proven otherwise by a prosecutor. And I would like to reserve the rest of my time. Thank you. Good morning, Your Honors. Good morning. My name is Mary Jean Chan, and I represent the United States in this appeal. There are two grounds on which this court can affirm the district court. First, and primarily, the arrest was valid under state law. And second, even if it was not, there is probable cause to make the arrest, which is what is sufficient under the Fourth Amendment. Now, the first and primary ground the government submits is that the arrest at issue was valid under state law. California Vehicle Code 4302A is a companion statute that allows an officer to make a custodial arrest for an offense that is normally only citable when the subject does not produce a driver's license or other satisfactory evidence of his identity for examination. In this case, the district court expressly found that prior to making the arrest of Mr. Smith, the law enforcement officers asked Mr. Smith for identification in addition to the driver's license, and that Mr. Smith produced no identification whatsoever. The appellant has never contested that the arresting officers had probable cause to believe that he was driving without a license in violation of And until their reply brief to this court, they never contested that there was probable cause to believe that he was driving with expired registration in violation of California Vehicle Code 4000A, an arrestable infraction. Now, the appellant argues that the government waived this basis. In fact, the government has done no such thing. If you look at the briefs, the primary case the appellant relies on is in which the government expressly waived the grounds of protective sweep and expressly stated that ground. It's not a case which suggests that unless the government pursues or defends an argument, that therefore it has expressly waived that argument. And in fact, the law ---- Well, regardless of who started it, now this has become a completely different case on appeal than the case that was urged before Judge Armstrong, hasn't it? She didn't rely on any of that in her opinion because the parties didn't raise those contentions. And Bingham, of course, wasn't decided by them. So wouldn't the prudent course be to remand this to Judge Armstrong for reconsideration in light of Bingham and the arguments you're making? Well, Your Honor, it is not necessary to remand, although that would be the only remedy that the government would suggest would be prudent if the government said California 1280 ---- California Vehicle Code 12801.5 is not actually applicable in this case. It only prohibits detention or arrest solely on the belief that a person is an unlicensed driver. By its plain language, it does not apply to arrest for expired registration. But more importantly, it doesn't apply to driving ---- an arrest for driving without a license when the subject also does not have other identification that would enable follow-up to citation. In this case, what's important to understand about 12801.5 is that it explains Vehicle Code 4302 by telling officers that they may not make a custodial arrest solely on the basis that a subject does not have a driver's license if they're able to provide other satisfactory identity. So basically, it prohibits an officer from double-counting the mere fact that a subject does not have a driver's license and completely discount the availability of other reliable, satisfactory evidence of identity for examination. So because the district court found that the officers asked Mr. Smith for identification, that he had no identification that would make citation possible, plus the fact that he was driving without a license or that the officers had probable cause to believe that, those two things in combination make the arrest valid under California State law under Vehicle Code 12500A plus 4302A. And 12801.5 is just not relevant. So it's not applicable in this case, and the district court was correct in finding that it was a valid arrest under State law, and therefore, the search incident to it was also valid. In this case, as I just stated, Mr. Smith was arrested for not having a driver's license and not solely on the belief, incidentally, because he confirmed that he did not have a driver's license. So it was not a mere belief that was the basis for this. Even assuming that the officers in this case did not have authority under California law to make the arrest, this court can still affirm the district court without remanding, because a Fourth Amendment analysis is a Federal law inquiry. There is no question, obviously, that State law has some relevance to the inquiry of whether a search incident to arrest is valid under the Fourth Amendment. But that inquiry in this case is whether there was probable cause to believe that and there is probable cause that he violated at least 12500A and also 4000A. As this court recently clarified in Becerra-Garcia, however, State law governing the authority to arrest is certainly not determinative of the validity under the Fourth Amendment. So while State law is relevant, to the extent that it could be determinative, it's only in defining a State law offense, a substantive offense, for which there must be probable cause. But doesn't Bingham hold that an arrest solely for being an unlicensed driver would be a violation of Section 12801.5, but also the Fourth Amendment? Judge Robart, that's a good point. But Bingham was a case, first of all, where there was no inquiry at all made about 4302 and whether there was identification. So that's very distinguishable from this situation where the district court explicitly found that there was no identification and that's sufficient for arrest under 4302. Moreover, Bingham itself has been brought into question by Becerra-Garcia. In footnote 4 of Becerra-Garcia, this court explicitly questioned the validity of Bingham and called it inconsistent precedent with what it had now come down firmly on, which is that Fourth Amendment analyses are Federal law inquiries and only State law only comes into the equation to the extent necessary. And it's only necessary to the extent that State law defines the substantive offense and not with respect to the law governing the arrest. As in Becerra-Garcia, the Ninth Circuit upheld the search or the seizure that came from, that resulted from a stop for which the tribal rangers at issue did not have, expressly did not have authority to make. And this circuit said that that seizure was fine under the Fourth Amendment because there was reasonable suspicion to believe that criminal activity, as defined by tribal law, was afoot. And it didn't matter that the tribal rangers did not have authority to make that stop. Right. But I think the problem is that Bingham is really right on point on this statute. And we don't have the authority to overrule Bingham, even though you'd like us to say that we've called it into question. That can only be done by an en banc panel, as opposed to Atwater. And it was after the decision in the district court case here, so it does have some significance. Obviously, that wasn't available to Judge Armstrong at the time. It hadn't been decided. So, again, it's another factor that's new on appeal. Well, Judge Thomas, I'd like to just state again that Bingham does not specifically address the validity. Well, it's a different situation because, in that case, there is no question about 4302, Vehicle Code 4302, which expressly authorizes a custodial arrest for an otherwise only citable offense. In that case, there is no question that the only basis for the arrest. It's not discussed in the opinion. Do you know that it wasn't raised? I'm sorry, Your Honor? It wasn't discussed in the opinion. Do you know that it wasn't raised? I don't know that it wasn't raised, but from the opinion, the opinion itself in the wording repeatedly says that, well, explores that this is the only basis. I can't remember the exact citation, but the opinion in a footnote states that there was some question as to whether this was the sole basis for the arrest, whether driving without a license was the sole basis for the arrest, and that there was, I think it was that there was also a possibility that it was, the arrest was also based upon the desire to check the validity of a warrant that was out for Andre Bingham, who turned out to be Mr. Bingham's brother, but that the district court had concluded that this was the sole basis for the arrest, that is, the absence of a driver's license was the sole basis, that the officer testified that that was the sole basis. So the emphasis upon that being the sole basis indicates that that is distinguishable from this situation because there's an emphasis on soleness. I'm sorry for interrupting, but how do you deal with the officer's statement? Because it seems to me pretty clear that they pulled him over because of the expired plates, but the officer says in his affidavit, I arrested him because he didn't have a driver's license. That was it. I didn't look at the marijuana. I didn't arrest him for any other reason. Why isn't that the sole basis as it's used in the Bingham context? Your Honor, why is it not? Yeah. I think that a more reasonable interpretation of the law is that because 12801.5 emphasizes sole and belief, that it can be read in conjunction with 4302, as opposed to eliminating that basis for arrest completely. I think it's an elaboration because 4302 is written in the disjunctive. It states that you may make a custodial arrest when either the person doesn't provide a driver's license or does not provide other satisfactory evidence for identity for examination. So one might be able to read that. An officer might reasonably read that and say, well, if the subject doesn't have a driver's license, I don't care whether he has identity, other identity. I can arrest him based on 4302. And what 12801.5 clarifies is that is not the case, that you cannot double count that if there is other identity that makes citation possible. And, of course, identity is important for citation because if you don't know who the person is, you can never follow up if he doesn't appear on the notice to appear. Yes. I take your point. Any further questions? Okay. Thank you, Your Honors. I urge the Court to affirm the district court. Thank you. Your Honors, section 12801.5 applies irrespective of section 4302. The government places great weight on section 4302. Section 12801.5e states, notwithstanding section 4300 or any other provision of law, a peace officer may not detain or arrest a person solely on the belief that the person is an unlicensed driver. It's very clear that 12801.5 is not subject to an identity requirement. It's clear by the terms of the statute. The government expressly waived this basis of probable cause below,  but they have to live with that choice. The government is presenting this Court with two options, essentially, to make findings based on issues which were not litigated below, or to remand and have an entirely new hearing with the same witnesses, but simply allowing the government to assert a new grounds for arrests which they had not asserted below. Now, to clarify, I'm having a little trouble here, because my understanding is that if the arrest is for failure to produce any kind of ID, then there's no problem under State law. Is that correct? No. The one circumstance where there is no detention permitted, regardless of the ability of the detainee to identify himself, is an arrest based solely on Section 12500, driving without a license. And that is stated in Section 12801.5e. It's solely on the belief the person is an unlicensed driver, right? That's correct. But the exception says that it's okay when a person fails to present his driver's license or any other satisfactory evidence. But 12801.5 states, notwithstanding any other provision of law, and it even cites Well, I understand that. But, I mean, solely on the belief the person is an unlicensed driver. So if he believed, at least his testimony, you say it wasn't litigated. His testimony at the evidentiary hearing, the officer, was that the reason he arrested him was that he didn't have any identification. Well, you say this issue wasn't litigated. I'm trying to narrow down. Well, I'm saying that it wasn't litigated, but I'm also saying that it wouldn't make any difference, that it doesn't matter if the person can be identified or not under Section 12801.5. Because you can't arrest him for not having any ID unless there's an underlying violation in the first place. That's right. Okay. So you're saying, in this case, the arrest was for being an unlicensed driver and that was it. And when 12801.5e states, solely on the belief, I take that to mean that's the only probable cause that the officers are relying on. Okay. That failure to identify is not a basis. And I think that the section is clear that failure to identify is excluded from its terms. So it's your view it's just a pure case of statutory construction on that issue? It is. I actually didn't expect to be litigating it. I have assumed by its terms that the 4300s do not overrule Section 12801.5 in any respect or supersede it in any given case. Further questions?  Thank you, counsel. Thank you very much, Your Honors. The case is submitted. Thank you both for your arguments.
judges: Thomas, Fisher, Robart